UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
LAMONTE FOUNTAIN, :
:
                     Plaintiff : 14-cv-01861 (TPG)
:
     – against – : **OPINION**
:
DORA SCHRIRO, *et al.*, :
                Defendants. :
:
:
------------------------------------------------x

     Plaintiff Lamonte Fountain, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against defendant officials and corrections officers claiming they violated his Eighth Amendment rights by using excessive force against him and causing him injuries. Plaintiff has since filed two motions with the court seeking: (1) leave to amend the complaint to specifically name a defendant listed as "John Doe" in the original complaint; and (2) appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff has also submitted a third "motion" opposing defendants' answer to the complaint. Plaintiff's request to amend the complaint is granted and his request for the appointment of counsel is denied.

Background

On March 10, 2014, plaintiff filed a complaint alleging that corrections officers at the Rikers Island Robert N. Davoren Complex assaulted him, breaking his nose, lacerating his scalp, and bruising and abrading his arms, legs, torso, face and head. Plaintiff claims that this assault was in response to another inmate "making a jest about defendant['s] . . . sexual orientation." Compl. Facts ¶ 8.

Plaintiff applied for, and was granted, leave to proceed *in forma pauperis.*

The complaint names seven officials and corrections officers as defendants, and refers to an eighth defendant as "John Doe." On June 16, 2014, defendants provided the identity and address of the John Doe defendant. Plaintiff now seeks leave to amend the complaint to name the John Doe defendant individually.

Discussion

**1. Plaintiff's Request for Leave to Amend the Complaint.**

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). After 21 days have elapsed, the party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should give such leave freely "when justice so requires." Id.

Plaintiff's motion to amend the complaint is granted in light of the liberal standard for amendment of the pleadings provided by the Federal Rules of Civil Procedure. Plaintiff's delay in seeking to amend the complaint is reasonable given that he did not know, until June 16, 2014, the identity and address of the John Doe corrections officer. However, it appears that a number of pages in plaintiff's proposed amended complaint are out of numerical order. See Dkt. # 16-1. Therefore, plaintiff's motion for leave to file an amended complaint is granted, but plaintiff is directed to file a properly ordered copy thereof.

**2. Plaintiff's Request for Appointment of Counsel.**

Section 1915 of Title 28 of the United States Code provides that "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, district court judges have "broad discretion" in determining whether to appoint counsel, provided that in making this decision they are guided by "sound legal principles." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).

In determining whether to appoint counsel, the court must first ask whether the plaintiff's claims show some likelihood of merit. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010). The court may then consider other factors, including: (1) the plaintiff's ability to investigate crucial facts; (2) his ability to present the case; and (3) whether the legal issues in the case are complex. Hodge, 802 F.2d at 61. These factors, while instructive, are not exclusive. Id. Indeed, "each case must be decided on its own facts." Id.

In the instant case, the court recognizes that plaintiff, already proceeding *in forma pauperis*, is unable to afford counsel. Moreover, the court finds that plaintiff's claims show some likelihood of merit given plaintiff's low burden at this stage.

However, in considering the factors described in *Hodge*, the court finds that appointment of counsel is not warranted in this case. Plaintiff, as demonstrated by the detailed complaint and in motions filed with the court, is clearly able to manage his case. The factual and legal issues of the case appear straightforward, involving uncomplicated questions relating to the defendants' alleged use of excessive force. Given the nature of the issues involved in this case, plaintiff appears capable of litigating his claims. Thus, plaintiff's request for the appointment of counsel is denied. However, this denial is without prejudice to renewal should the case proceed to trial.

## Conclusion

For the reasons given above, plaintiff's motion for leave to amend the complaint is granted. However, the amended complaint should have the pages in the correct order. Plaintiff's motion for the appointment of counsel is denied without prejudice to renewal should the case proceed to trial.

This order resolves the motions listed as document numbers 16, 17, and 18 in this case.

SO ORDERED

Dated: New York, New York
      November 24, 2014

*Thomas P. Griesa*

Thomas P. Griesa
U.S. District Judge